IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN IVAN FULLER,
    Petitioner,

vs.                              Case No. 5:09cv344/RS/EMT

DEPARTMENT OF CORRECTIONS,
    Respondent.
_____/

## O R D E R

    Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).[1] Now before the court is a document titled, **"TITLE OF YOUR PLEADING,"** filed by Petitioner on or about October 20, 2009 (Doc. 8). In the body of the document Petitioner states that he wants an evidentiary hearing (*see id.* at 1).[2] Petitioner's document will therefore be construed as a motion for an evidentiary hearing, and for the reasons set forth below the motion shall be denied.

    The court has not had an opportunity to review Petitioner's file, thus, scheduling an evidentiary hearing at this time is inappropriate. Upon review of the file, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules). If only legal issues are presented, the court will dispose of the petition without an evidentiary hearing. Likewise, a hearing is not required on

---

[1] Petitioner did not pay the $5.00 filing fee but has been directed to submit the filing fee on or before November 23, 2009 (*see* Doc. 5).

[2] Petitioner also states in the body of the document that he wants a new trial (Doc. 8 at 1). Petitioner is advised, however, that any relief he seeks, should his § 2254 petition be granted, must be listed in response to Question 14, Part E of the habeas petition, not in a separately filed motion. Moreover, Petitioner has included a request for a new trial in the habeas petition (*see* Doc. 1 at 6). Thus, the instant request is redundant and unnecessary.

"patently frivolous claims," claims "based upon unsupported generalizations," or "where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting United States v. Guerra, 588 F.2d 519, 520–21 (5th Cir. 1979)). If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires. *See* 28 U.S.C. § 2243. If, however, consideration of disputed evidence outside the state court record appears necessary to the court, the court will notify the parties and schedule a hearing.

Accordingly, it is **ORDERED**:

Petitioner's document, "Title of Your Pleading" (Doc. 8), construed as a motion for an evidentiary hearing, is **DENIED**.

**DONE AND ORDERED** this 28th day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**