IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RUBEN IVAN FULLER,
    Petitioner,

vs.                                                    Case No. 5:09cv344/RS/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**O R D E R**

    Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and has paid the filing fee.

    Initially, Petitioner has not named the proper party as Respondent. Pursuant to 28 U.S.C. § 2242, the appropriate Respondent is the person having custody of Petitioner. Because Petitioner states he is an inmate of the Calhoun Correctional Institution (CCI), which is a facility of the Florida Department of Corrections, the appropriate Respondent is either the Warden of CCI or the Secretary of the DOC. Because Petitioner does not name either the Warden or the Secretary as a Respondent, the court will direct the clerk to substitute Walter A. McNeil, the Secretary of the DOC, as the sole Respondent in this cause, as the court has already done in the caption of this order.

    Additionally, by order of this court dated November 23, 2009, Petitioner was directed to submit two (2) complete copies of his habeas petition (Doc. 1) for service upon Respondent and the Attorney General of the State of Florida (*see* Doc. 16). On or about December 7, 2009, this court received one copy of the petition (Doc. 1), but the copy did not contain the same date as the original petition, and one copy of Petitioner's motion to proceed in forma pauperis ("IFP") (Doc. 2) (which, incidentally, also contained a date other than the date contained on the original IFP motion).

    Petitioner is advised that the court does not need, and did not request, a copy of the motion to proceed IFP. Moreover, although Petitioner submitted one copy of the habeas petition, Petitioner

failed to submit <u>two</u> copies as directed, and the copy provided by Petitioner is not an identical copy of the original. Therefore, the clerk will be directed to return to Petitioner the copies of the IFP motion and habeas petition.

<u>In order to proceed with this case, Petitioner must submit two complete and identical copies of the original habeas petition</u> (Doc. 1). <u>The copies must be exact duplicates of the original habeas petition</u>. Thus, in relevant part, the copies shall contain the same date as the original petition submitted by Petitioner.[1]

Accordingly, it is **ORDERED**:

1. The clerk shall modify the docket to reflect that Walter A. McNeil is the sole Respondent in this action.

2. The clerk is directed to return to Petitioner the copies of the habeas petition and IFP motion submitted on or about December 7, 2009.

3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Petitioner shall submit two (2) complete and <u>identical</u> copies of the original habeas petition (Doc. 1) as explained above. This case number should be written on each copy.

4. Failure to comply with this order may result in a recommendation of dismissal of this case.

**DONE AND ORDERED** this 8<u>th</u> day of December 2009.

                                     <u>/s/ *Elizabeth M. Timothy*</u>
                                     **ELIZABETH M. TIMOTHY**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

[1] If Petitioner has misplaced his copy of the original petition, Petitioner is advised that the court will provide a copy of the petition if he provides payment in the amount of $.50 per page, prepaid, to the clerk of this court. The court notes that the petition is six (6) pages in length; therefore, Petitioner must submit payment of $3.00 if he wishes the court to provide him a copy of the petition. If Petitioner wishes to have the clerk make two service copies for him, he shall submit payment of $6.00.

Case No.: 5:09cv344/RS/EMT